# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| NORETTA F. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:14-cv-119-WTL-MJD |
| | ) |
| KEYSTONE CONSTRUCTION, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON PENDING MOTIONS

This cause is before the Court on several pending motions, all of which are ripe for review. The Court, being duly advised, rules as follows.

## DEFENDANT'S MOTION TO DISMISS (DKT. NO. 15)

Only one Defendant remains in this action, Keystone Construction Corporation ("Keystone"). Keystone moves to dismiss Plaintiff Noretta F. Boyd's Complaint in its entirety.

### A. Preliminary Matters

Before the Court addresses the arguments raised in Keystone's motion, there are two arguments made by Boyd, who is proceeding *pro se* in this action, that need to be addressed in order to put the Court's ruling in the proper framework.

First, Boyd repeatedly argues that Keystone has "default[ed] on providing an answer" in this case. That is incorrect. Instead of serving an answer, Keystone filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Serving a motion under Rule 12 alters the time period for filing an answer as set forth in Rule 12(a)(4). Indeed, it would have been improper for Keystone to file an answer responding to claims that it was seeking to dismiss.

Second, Boyd is incorrect that the Court "may dismiss a claim only when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations found in the complaint." In a case called *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), the Supreme Court replaced that standard, which used to apply to motions under Rule 12(b)(6), with a new standard. Now "[i]n order to survive a motion to dismiss, a plaintiff must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. And while we draw all reasonable inferences and facts in favor of the nonmovant, we need not accept as true any legal assertions or recital of the elements of a cause of action supported by mere conclusory statements." *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014) (citing *Twombly* and other cases). That said, however, "the pleading standards for *pro se* plaintiffs are considerably relaxed," even under the new rule. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Complaints drafted by *pro se* litigants are construed liberally and held to a less stringent standard than those drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

It is with that standard in mind that the Court must review the allegations in Boyd's Complaint.

### B. Facts Alleged in Boyd's Complaint

The relevant facts[1] alleged in Boyd's Complaint are as follow. Boyd, who had many years of experience in the electrical design, engineering, and MEP (which the Court presumes refers to mechanical, electrical and plumbing) construction management industry, established her own consulting firm in 2005. Her work often involved "evaluating and reporting inconsistent

---

[1] Boyd's Complaint contains many facts that do not seem to be relevant to her claims against Keystone and therefore are not recited here.

2

cost proposals," which put her in an adversarial relationship with the companies whose proposals she was evaluating, including ERMCO Electric and Power Partners MasTec. Boyd experienced unspecified "personal and professional retaliation in the building industry" as a result.

On September 27, 2012, Keystone offered Boyd the position of "Project Manager—Wishard Hospital Electrical Services." The "New Wishard Project," as Boyd refers to it, was a "public project"; Boyd does not specify whether federal funds, state funds, or both were used for the project. As project manager, "Boyd was informed she would be managing Divane/Wesco/Eaton and ERMCO/Wesco/Eaton," both of which she was familiar with from her previous employment. As Boyd explains it:

> Upon inception into the New Wishard Project, Ms. Boyd immediately experienced the impact and retaliation of prior employment and internal complaints and the effort to redirect her career on The New Wishard Project and ultimately out of the construction industry. Ms. Boyd voiced concerns about inconsistencies with cost proposals she was asked to review and reported verbally and by email, to both The New Wishard Team Management and Keystone Construction Executives, on several documented occasions. On August 13, 2013, Ms. Boyd wrote and presented a letter detailing those discrepancies and the impact it has and was having on her personal and professional career to the New Wishard Team Management.
>
> Ms. Boyd reported to Mr. Seta and Mr. Paul Riehle, while managing Divane Bros and ERMCO bid packages. Ms. Boyd endured gender/role based bullying, harassment and retaliation and believes the team strategized to end Ms. Boyd's employment on The New Wishard Project and deliberately give a negative perception of her ability to perform her duties professionally, ultimately destroying her career.

## C. Discussion

Boyd asserts six enumerated claims in her Complaint. Keystone moves to dismiss each of them.

*1. Claim I: Retaliatory Discharge*

Although Boyd has entitled this claim "Retaliatory Discharge in Violation of the False Claims Act, 31 U.S.C. 3729-3733," she actually asserts a claim for retaliation under both the federal False Claims Act, 31 U.S.C. § 3730(h), and a similar Indiana provision, Ind. Code 22-5-3-3. She asserts that the New Wishard Project was a "public Funded Project Healthcare Facility" and that she engaged in "protected activity" that was known by her "direct report(s)" (which presumably means supervisors) Jim Seta, Paul Riehle, and Lynn Wall. She further asserts:

> Plaintiff is dismissed on August 16, 2013, after submitting a written complaint on August 13, 2013, with regards to entitlement, cost and scope discrepancies, between change order proposals and base bid documents, and the retaliation she is [sic] experienced in providing that information as part of her duties. The Plaintiff reported/discussed the circumstances on several occasions (documented) by email, phone and meeting with both Keystone and The New Wishard Team executive management, prior to writing the letter.

As Keystone points out, Boyd has not provided sufficient facts to demonstrate that her claim for retaliation under the federal False Claims Act is plausible because, while she has alleged that the project was publically funded, she has not alleged that it was funded by the federal government; nor has she alleged that she reasonably believed that any of the "entitlement, cost and scope discrepancies" she complained about had resulted in or would result in a false claim for payment by the federal government.[2] The False Claims Act does not prohibit retaliation for any kind of complaint about improper behavior made by an employee; the improper behavior must relate to claims for money from the federal government. To have a viable complaint for retaliation under 31 U.S.C. § 3730(h), Boyd needs to explain what complaints she made, whom she made them to,

---

[2] To the extent that the Defendants suggest that Boyd had to be acting "in furtherance of an action under this section," they are incorrect; "[i]n 2009, Congress amended the statute to protect employees from being fired for undertaking 'other efforts to stop' violations of the Act, such as reporting suspected misconduct to internal supervisors." *Halasa v. ITT Educ. Servs.*, Inc. 690 F.3d 844, 847-48 (7th Cir. 2012) (quoting 31 U.S.C. § 3730(h)(1)).

and how what she was complaining of related to false claims for payment that had been or were going to be made to the federal government. She has not done so; accordingly, that claim must be dismissed.

      Similarly, under Indiana law:

> (a) An employee of a private employer that is under public contract may report in writing the existence of:
>
>     (1) a violation of a federal law or regulation;
>
>     (2) a violation of a state law or rule;
>
>     (3) a violation of an ordinance of a political subdivision (as defined in IC 36-1-2-13); or
>
>     (4) the misuse of public resources;
>
> concerning the execution of public contract first to the private employer, unless the private employer is the person whom the employee believes is committing the violation or misuse of public resources. In that case, the employee may report the violation or misuse of public resources in writing to either the private employer or to any official or agency entitled to receive a report from the state ethics commission under IC 4-2-6-4(b)(2)(G) or IC 4-2-6-4(b)(2)(H). If a good faith effort is not made to correct the problem within a reasonable time, the employee may submit a written report of the incident to any person, agency, or organization.

Ind. Code 22-5-3-3. An employee may not be fired for making such a report. *Id.* In order to state a claim for retaliatory discharge under Ind. Code 22-5-3-3, Boyd must plead facts that show that the written complaint she made on August 13, 2013, involved at least one of the four categories of information described in Ind. Code 22-5-3-3(a)(1)-(4). In other words, she needs to explain how "entitlement, cost and scope discrepancies between change order proposals and base bid documents" constitute violation of a law, regulation, ordinance, or the misuse of public resources. She has not done so; accordingly, this claim also must be dismissed.

*2. Count II: Breach of Contract*

It is not entirely clear, but it appears that Boyd alleges that Keystone breached an employment agreement with her by terminating her employment. The document she has attached as Exhibit 1 to her Complaint, which she refers to as an "employment agreement" is simply an offer of employment. It is not a contract of employment; in fact, it expressly states that it is "not a contract of employment or guarantee of employment for any specific duration" and that her employment was to be at-will, such that "either you or we may terminate your employment at any time for any reason at all, with our without notice." Accordingly, Boyd has not stated a claim for breach of contract, and the motion to dismiss is granted as to that claim.

*Count III: Conspirator Tort of Interference with an Economic Advantage*

Boyd next asserts a claim for interference with an economic advantage. Keystone argues that this is not a recognized tort in Indiana; this may be an issue of semantics, however, because Indiana does recognize the tort of "interference with prospective advantage" as well as the related tort of tortious interference with a business relationship. "Illegal conduct by the alleged wrongdoer is an essential element of tortious interference with a business relationship." *Miller v. Central Indiana Community Foundation, Inc.,* 11 N.E.3d 944, 961 (Ind. App. 2014). Similarly, interference with prospective advantage must be accomplished using "improper means" such as "'violence or intimidation, defamation, injurious falsehood or other fraud, violation of the criminal law.'" *Helvey v. O'Neill*, 288 N.E.2d 553, 561 (Ind. App. 1972) (quoting Prosser, Law of Torts 977 (3rd ed. 1964)),

It is not entirely clear to the Court what it is that Boyd alleges Keystone did and what prospective advantage she alleges it interfered with. In order to plead a viable claim, Boyd must allege facts that show it is plausible that Keystone interfered with an existing or prospective

business relationship or advantage by means of some kind of illegal conduct. She has not done so—or at least has not done so clearly enough that the Court understands what she is alleging—and, accordingly, the motion to dismiss is granted as to this claim.

*Count IV: Employment Discrimination*

Keystone is correct that this claim is premature because Boyd has not received a right to sue letter from the EEOC and therefore has not exhausted her administrative remedies. Accordingly, this claim is dismissed without prejudice. *See generally Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003).

*Counts V and VI: Intentional Infliction of Emotional Distress and Invasion of Privacy*

Boyd does not indicate in either of these counts what actions she alleges were taken by Keystone, specifically, that either were intended to cause her emotional distress or invaded her property. Therefore, these counts also must be dismissed for failing to state a claim against Keystone.

## **CONCLUSION**

For the reasons set forth above, Keystone's motion to dismiss (Dkt. No. 15) is **GRANTED** in its entirety. However, Boyd's claims are **DISMISSED WITHOUT PREJUDICE** and no final judgment will enter at this time in order to give Boyd an opportunity to file an amended complaint that corrects the deficiencies in the current complaint. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ( "The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). In light of this ruling, the Court **DENIES**

Boyd's motions for summary judgment (Dkt. No. 21 and 30). Keystone's motion to strike (Dkt. No. 31) is **DENIED AS MOOT**.

If Boyd wishes to continue with this suit, she shall file an amended complaint **by October 31, 2014**. That complaint (1) shall not contain a claim for employment discrimination unless Boyd has received a right to sue letter from the EEOC; (2) shall not include irrelevant factual allegations relating to things that do not involve Keystone; and (3) shall set forth facts sufficient to explain the basis for each of the claims she wishes to pursue, consistent with the Court's discussion of those claims above. **The failure to file a timely amended complaint will result in final judgment being entered against Boyd in this case.**

SO ORDERED: 10/14/14

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**NORETTA F. BOYD**
**8002 Crestway Dr. 1205**
**Indianapolis, IN 46236**

Copies to all counsel of record via electronic notification